GEORGE HARRISON, RESPONDENT, *v.* JOHN H. NEHER, APPELLANT.

*Appeal from order — dismissed if party takes advantage of leave to renew motion — Election.*

A party by appealing from an order denying a motion with leave to renew the same, is precluded from taking advantage of the leave to renew granted thereby; and such appeal will be dismissed if, while the same is pending, the motion be renewed in the court below.

APPEAL from an order made at the Special Term, denying a motion made by the defendant.

*John B. Gale,* for the appellant.

*James Lansing,* for the respondent.

*Per Curiam :*

The defendant moved before the Special Term to set aside an order of arrest against him. On the hearing of the motion plaintiff introduced affidavits to sustain the order and they were read on the motion. For some reason the motion was never decided. The judge sent the papers on both sides to the attorneys for defendant, and afterwards wrote plaintiff's attorneys that they could get their affidavits, etc., of defendant's attorneys. Plaintiff's attorneys went after such papers. Defendant's attorneys wanted to examine the affidavits further, but were told by plaintiff's attorneys they wanted the papers then, but would let the defendant's attorneys take them for examination whenever they wanted them. On that promise they were taken, but afterward plaintiff's attorneys refused to perform their promise or to let defendant's attorneys see the affidavits so given up. A motion was then made to compel the filing of such affidavits in the clerk's office. This motion was denied " without

prejudice to any further proceedings which the defendant may deem proper to pursue." From such order the appeal in this action is taken. After the appeal was taken defendant again moved at Special Term for an order: 1st. That plaintiff permit defendant to examine and take copies of the said affidavits. 2d. That all proceedings be stayed until that was done. 3d. For such further or other order as may be just in the premises. This motion was made upon the same papers as the former motion, and upon the pleadings, the papers on appeal and two additional affidavits of no importance on this motion. That motion was also denied.

Plaintiff now moved to dismiss the appeal from the first order, upon the ground that the defendant has elected to renew the motion denied by said order appealed from.

We think this point is well taken. The defendant could have claimed the same relief upon the second motion which he sought upon the first, viz., the filing of the affidavits. The prayer for such further or other order as may be just permitted defendant to insist that the affidavits were records of the court, having once been read upon a motion in court, and so should be filed in the clerk's office where he could examine and take copies thereof. So in our judgment the second motion was, in effect, a renewal of the first motion. The same object was substantially sought. The same affidavits were used. No additional facts touching the kind of relief claimed were before the court.

An appeal from the last order would have brought up the whole merits. If defendant was entitled to have such papers filed, the denial of the last order would have been erroneous and could have been corrected on appeal therefrom by compelling the filing thereof.

The defendant was, therefore, precluded from taking advantage of the leave to renew the motion given by the first order and at the same time prosecuting his appeal from such order. (*Noble* v. *Prescott*, 4 E. D. Smith, 139 ; *Peel* v. *Elliott*, 16 How., 483.)

The appeal must therefore be dismissed, but as this whole trouble and misunderstanding has arisen out of the acknowledged breach of faith of the plaintiff's attorneys no costs will be allowed.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Appeal dismissed, without costs.